IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PHILLIP DAVID HASKETT,                          )
                                                )
        Plaintiff,                              )        2:19-cv-2355-TLP-dkv
                                                )
v.                                              )
                                                )
SOUTHERN BENEFIT ADMINISTRATORS, INC.,          )
                                                )
and                                             )
                                                )
IRONWORKERS LOCAL UNION NO. 167 PENSION         )
FUND; BOARD OF TRUSTEES, IRONWORKERS            )
LOCAL UNION NO. 167 PENSION FUND;               )
INTERNATIONAL ASSOCIATION OF BRIDGE,            )
STRUCTURAL AND ORNAMENTAL IRONWORKERS           )
LOCAL UNION NO. 167; JON DOUGHS #1 - #3,        )
                                                )
and                                             )
                                                )
IRONWORKERS MID-SOUTH PENSION PLAN;             )
BOARD OF TRUSTEES, IRONWORKERS MIDSOUTH         )
PENSION PLAN; INTERNATIONAL ASSOCIATION         )
OF BRIDGE, STRUCTURAL AND ORNAMENTAL            )
IRONWORKERS LOCAL UNION NO. 58;                 )
JON DOUGHS #4 - #6,                             )
                                                )
        Defendants.                             )

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

On May 31, 2019, the plaintiff, Phillip David Haskett
("Haskett"), filed a *pro se* complaint pursuant to, *inter alia*, the
Employee Retirement Income Security Act of 1974 ("ERISA"),
accompanied by a motion seeking leave to proceed *in forma pauperis*.
(ECF Nos. 1 & 2.)  On June 12, 2019, this court issued an order

granting Haskett leave to proceed *in forma pauperis*. (ECF No. 6.)
This case has been referred to the United States Magistrate Judge
for all pretrial matters for determination and/or report and
recommendation as appropriate. (Admin. Order 2013-05, Apr. 29,
2013.)

Now before this court is the September 5, 2019 motion, filed
by the defendants Ironworkers Local Union No. 167 Pension Fund
(the "Local 167 Pension Fund") and Board of Trustees, Ironworkers
Local Union No. 167 Pension Fund (the "Board of Trustees")
(collectively the "Local 167 Defendants"), to dismiss Haskett's
amended complaint under Federal Rule of Civil Procedure 12(b)(6)
for failure to state a claim upon which relief can be granted or,
in the alternative, to hold the case in abeyance pending further
administrative proceedings. (Defs.' Mot., ECF No. 25.) For the
reasons that follow, it is recommended that the Local 167
Defendants' motion be granted in part and that this case be stayed
pending remand for further administrative proceedings.

I.   PROPOSED FINDINGS OF FACT

This case arises out of Haskett's alleged participation in an
employee benefit plan, the Local 167 Pension Fund, administered by
the Local 167 Defendants in Memphis, Tennessee. The crux of
Haskett's ERISA case against the Local 167 Defendants is that he
was a "vested participant" in the Local 167 Pension Fund by virtue
of being a member of Local 167's union's collective bargaining

agreement based on nearly a decade of service as an ironworker
from 1979 to 1989, (Am. Compl. ¶ 20, ECF No. 22), and that the
Local 167 Defendants have improperly denied his application for
pension benefits in violation of ERISA's civil enforcement
provisions.[1]  Haskett also seeks a declaratory judgment stating
that the Local 167 Defendants' decision was arbitrary and
capricious.  (*Id.* at 12.)

Haskett filed his initial *pro se* complaint on May 31, 2019.
(Compl., ECF No. 1.)  The Local 167 Defendants thereafter filed a
motion to dismiss for failure to state a claim or, in the
alternative, to hold the case in abeyance. (Defs.' Mot., ECF No.
14.)  Haskett filed a response in opposition on August 12, 2019.
(Pl.'s Resp., ECF No. 20.)  Haskett then amended his complaint on
August 22, 2019. (Am. Compl., ECF No. 22.)  In light of Haskett's
amended complaint, this court denied the Local 167 Defendants'
initial motion as moot.  (Order, ECF No. 23.)  The Local 167
Defendants then filed the present motion on September 5, 2019,

---

[1]  Under ERISA's civil enforcement provisions, a plan participant
"may sue to recover benefits due under the plan, to enforce [his]
rights under the plan, or to clarify [his] rights to future
benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987).
"Relief may take the form of accrued benefits due, a declaratory
judgment on entitlement to benefits, or an injunction against a
plan administrator's improper refusal to pay benefits." *Id.*
"[T]he purpose of [ERISA's] civil enforcement provisions is to put
plaintiffs in the same position they would have been absent the
violations." *Miles-Hickman v. David Powers Homes, Inc.*, 589 F.
Supp. 2d 849, 881 (S.D. Tex. 2008).

(Defs.' Mot., ECF No. 25), and Haskett filed a response on October 2, 2019, (Pl.'s Resp., ECF No. 28). The Local 167 Defendants did not file a reply.

Haskett's amended complaint asserts the following claims against the Local 167 Defendants: (i) accounting; (ii) acceptance of transferred contributions; (iii) declaratory judgment; (iv) recovery of benefits wrongfully denied under 29 U.S.C. § 1132(a)(1)(B); and (v) equitable relief under 29 U.S.C. § 1132(a)(3). (Am. Compl. 10-12, ECF No. 22.)

In his amended complaint, Haskett alleges that he was a member of the International Association of Bridge, Structural and Ornamental Ironworkers Local Union No. 167 ("Local Union No. 167") located in Memphis, Tennessee, and that he is a vested participant in the Local 167 Pension Fund based on service credits he earned from June 1979 to December 1989. (*Id.* at ¶ 20.) According to the amended complaint, Local Union No. 167 went on strike in June 1982 causing Haskett "an involuntary inability to work." (*Id.* at ¶ 28.) In November 1982, after being unemployed for several months due to the strike, Haskett states that he signed up with Local Union No. 58 in New Orleans for a job referral. (*Id.* at ¶ 32.) He alleges he told Local Union No. 58 that he wanted his pension contributions transferred to the Local 167 Pension Fund pursuant to a "Reciprocal Agreement." (*Id.* at ¶¶ 33 & 35.) He eventually received a job referral on a project in Gulfport, Mississippi,

4

where, he claims, he earned 97 hours of pension contributions. (*Id.* at ¶ 34.) Haskett claims that he applied for pension benefits from the Local 167 Defendants on September 27, 2018, (*id.* at ¶ 54), but that his application for benefits was denied by Southern Benefit Administrators, Inc. ("SBA") via a letter dated October 12, 2018 on the basis that he had suffered a "permanent break in service," and thus had never become a "vested participant" of Local 167's fund. (*Id.* at ¶ 60.)

According to Haskett, after he first applied for benefits a SBA representative "verbally advised" him that he was thirty-six hours short of the hours required to be credited with a full year of service in 1982. (*Id.* at ¶ 42.) The SBA representative informed Haskett that this shortage in hours caused a "permanent break in service resulting in complete forfeiture of ALL pension fund benefits to which, but for the allegedly missing 36 hours, [he] would otherwise be entitled." (*Id.*) Haskett claims that the denial letter did not contain any documents or accounting records to support the decision and was mailed to the incorrect address on two occasions. (*Id.* at ¶¶ 55, 58 & 61.)

Haskett nonetheless filed a written appeal of the denial of benefits. According to the amended complaint, SBA denied Haskett's appeal by letter dated February 12, 2019. (*Id.* at ¶ 67.) The February 2019 letter stated that Haskett "had no right to appeal" and noted that even if he did, any appeal would be untimely as

5

outside the required 60-day period. (Feb. 2019 SBA Letter, ECF
No. 20-2.) Haskett claims that the Local 167 Defendants have since
refused to provide him with "any documentation whatsoever to
support their denial of benefits." (Am. Compl. ¶ 65, ECF No. 22.)
Haskett further states that SBA purposefully delayed the mailing
of his denial letter so that any later appeal would be untimely.
(*Id.* at ¶ 59.)

According to the current Local 167 Summary Plan Description
(the "SPD"), the Local 167 Pension Fund is administered by a Board
of Trustees consisting of three Union Trustees and three Employer
Trustees. (SPD 6, ECF No. 25-2.) SBA is the third-party
administrative services provider of the Local 167 Pension Fund.
(*Id.*) SBA administers the Local 167 Pension Fund on the Board of
Trustees' behalf. (*Id.* at 59.) The Board of Trustees are "legally
designated as the plan administrator," but have "delegated the
performance of day-to-day administrative duties" to SBA. (*Id.*)
SBA maintains the Local 167 Pension Fund's office staff, keeps
eligibility records and accounts for employer contributions,
processes applications, informs participants of plan changes, and
"performs other routine administrative functions in accordance
with [the Board of Trustees'] decisions." (*Id.*)

The SPD provides a procedure for the appeal of an adverse
determination of a claim for benefits. It provides:

6

> The Trustees will make a determination as to the right
> of any person to a benefit . . . . You will have the
> right to appeal any adverse benefit determination and
> will be entitled to a full and fair review of the
> decision by the Board of Trustees, or by a committee
> appointed by them . . . .

(*Id.* at 45-46.)

The SPD further provides:

> Any interpretation of the plan's provisions rests with
> the Board of Trustees. However, the Board of Trustees
> has authorized the Fund office staff to handle routine
> requests from Participants regarding eligibility,
> benefits and application procedures . . . . No person
> other than a Trustee or a member of the Fund office
> staff, acting with consent of the full Board of Trustees,
> may provide interpretations of the plan provisions.

(*Id.* at 51.)

Haskett states that SBA's denial of his benefits and of his later appeal was arbitrary and capricious in violation of both ERISA and the SPD. (Am. Compl. ¶ 68, ECF No. 22.) Haskett alleges that he "has fully exhausted his required administrative remedies" and is now entitled to pension and retiree health benefits. (*Id.* at ¶¶ 69-71.)

On July 15, 2019, the Local 167 Defendants communicated to Haskett that the Board of Trustees had "agreed to hear [his] appeal of the denial of [his] pension benefits." (Letter from the Local 167 Defs.' Counsel, ECF No. 25-3.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

The Local 167 Defendants move to dismiss Haskett's ERISA claims[2] for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair

---

[2] Haskett's only claims directly under ERISA's civil enforcement provisions are counts IV (recovery of benefits wrongfully denied under 29 U.S.C. § 1132(a)(1)(B)) and V (equitable relief under 29 U.S.C. § 1132(a)(3)).  (*See* Am. Compl. 10-12, ECF No. 22.)

notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who

come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.    Whether Failure to Exhaust Administrative Remedies is Properly Presented in a Rule 12(b)(6) Motion

In their Rule 12(b)(6) motion to dismiss, the Local 167 Defendants argue that Haskett's complaint fails to state a claim under ERISA because Haskett has failed to exhaust all the available administrative remedies under the SPD because no appeal was ever heard by the Board of Trustees. (Defs.' Mem. 3–5, ECF No. 25-1.) In response, Haskett argues that the Local 167 Defendants have "effectively converted" their Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. (Pl.'s Resp. 2, ECF No. 28.) At the outset, the court must therefore determine if a Rule 12(b)(6) motion is the proper motion to bring when asserting failure to exhaust administrative remedies.

Although ERISA does not explicitly require exhaustion, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)(citing 29 U.S.C. § 1133(2)). The Sixth Circuit has further noted that because the exhaustion doctrine is non-jurisdictional, the application of the rule "'is committed to the sound discretion of the district court.'" *Welsh v. Wachovia Corp.*, 191 F. App'x 345,

10

357 n.5 (6th Cir. 2006)(quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998)).

Courts disagree on whether failure to exhaust administrative remedies under ERISA is properly presented in a Rule 12(b)(6) motion. A number of courts have held that failure to exhaust under ERISA is an affirmative defense best presented in a motion for summary judgment. *See Gunn v. Bluecross Blueshield of Tenn., Inc.*, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012); *Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013). Under this approach, however, where the issue of exhaustion appears from the face of the plaintiff's complaint, a defendant may properly move to dismiss under Rule 12(b)(6). *See Beamon*, 917 F. Supp. 2d at 666 ("One exception to [the exhaustion requirement] is that an affirmative defense may be raised in a Rule 12(b)(6) motion without resort to summary judgment procedure, if the defense appears on the face of the complaint.")(internal quotations omitted); *Zappley v. The Stride Rite Corp.*, 2010 WL 234713, at *4 (W.D. Mich. Jan. 13, 2010)("[A] defendant may bring a Rule 12(b)(6) motion to assert an affirmative defense where the affirmative defense appears on the face of the plaintiff's complaint . . . .").

Other courts characterize motions to dismiss for failure to exhaust administrative remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt*

*v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Neal v. Raddatz*, 2012 WL 488827, at *2 (E.D. Mich. Jan. 12, 2012), *report and recommendation adopted*, 2012 WL 488702 (E.D. Mich. Feb. 15, 2012)(collecting cases).[3] Under this approach, where the defendant does not ask for judgment on the administrative record but instead requests dismissal for the plaintiff's failure to exhaust, the proper vehicle for determination is a motion to dismiss under Rule 12(b)(6). *Jordan v. Reliance Standard Life Ins. Co.*, 2018 WL 543041, at *3 (E.D. Tenn. Jan. 24, 2018); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997)(affirming dismissal of an ERISA claim for benefits because the plaintiff had "not alleged any factual basis" showing the exhaustion of remedies); *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617, 621-23 (S.D. Ohio 2005)(dismissing an ERISA claim for benefits after performing an analysis of the complaint and concluding that the plaintiff failed to adequately plead exhaustion).

---

[3] In *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988), *overruled by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the Ninth Circuit noted that while none of the defenses listed in Rule 12(b)(1) through (7) encompass failure to exhaust, "federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided by the rules." The authority to hear such non-enumerated motions "lies in the inherent power of a court to regulate actions pending before it" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1360 at 633-34 (1969)).

Here, the Local 167 Defendants' motion to dismiss is properly presented under Rule 12(b)(6) and need not be converted to a motion for summary judgment. A Rule 12(b)(6) motion is appropriate where reference to the affirmative defense of failure to exhaust appears from the face of the plaintiff's complaint. *Beamon*, 917 F. Supp. 2d at 666; *Zappley*, 2010 WL 234713, at *4. Haskett's amended complaint contains several specific allegations relating to the issue of exhaustion of required administrative remedies: (i) that he was told he was "not a participant in the Local [] 167 Plan, and is therefore without any right to appeal the decision denying his application for pension benefits"; (ii) that SBA "denied his appeal on February 12, 2019" claiming it was not timely; and (iii) that he "has fully exhausted his administrative remedies." (*See* Am. Compl. ¶¶ 65–69, ECF No. 22.) The Local 167 Defendants' motion to dismiss need not be converted to a motion for summary judgment; the defense of exhaustion of administrative remedies is properly presented in the Rule 12(b)(6) motion.

C.    <u>Whether Haskett Has Exhausted Administrative Remedies</u>

In his response, Haskett argues that his complaint alleges facts sufficient for this court to conclude that he has exhausted his remedies under the terms of the SPD. (Pl.'s Resp. 3, ECF No. 28.) In support, Haskett points to the letter from SBA dated February 12, 2019, (Feb. 2019 SBA Letter, ECF No. 20-2), in which SBA states that Haskett's claim would not be considered on appeal.

13

(*Id.* at 4.) Haskett argues that this letter, which is referenced in his complaint,[4] evidences his exhaustion of remedies under the language of the SPD.

As previously noted, while the text of ERISA does not explicitly require exhaustion, the Sixth Circuit has held "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller*, 925 F.2d at 986 (citing 29 U.S.C. § 1133(2)). Exhaustion aims to: (i) reduce the number of frivolous lawsuits; (ii) promote the consistent treatment of claimants; (iii) provide a non-adversarial method of claims settlement; (iv) minimize the cost of claims settlement for all concerned; (v) enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes; (vi) enhance the ability of trustees of benefit plans to correct their errors; (vii)

---

[4] Generally, matters beyond the pleadings are not considered when ruling on a Rule 12(b)(6) motion. *Barix*, 459 F. Supp. 2d at 621. But documents submitted along with a Rule 12(b)(6) motion are considered part of the "pleadings" if they are referred to in the plaintiff's complaint and are central to the claims asserted therein. *Id.* (citing *Weiner*, 108 F.3d at 89); *see also Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015)("This Court has recognized that it may consider items appearing in the record of the case, including exhibits, without converting a Rule 12(b)(6) motion into a motion for summary judgment, but only so long as they are referred to in the complaint and are central to the claims contained therein.")(internal quotation omitted).

enhance the ability of trustees to interpret plan provisions; and (viii) help assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Barix*, 459 F. Supp. 2d at 621-22 (quoting *Costantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994)). Ensuring a complete factual record is of "particular importance because the court in an ERISA action is limited to a consideration of the evidence which was included in the record before the plan administrator." *Id.*

After examining Haskett's complaint and the documents referred to therein, this court is unable to conclude that Haskett has exhausted his required administrative remedies. Despite being told he had no right to appeal, Haskett "promptly filed a written appeal pursuant to the procedures enumerated in the SPD booklet" by sending a letter in which he stated, "please consider this letter to be my appeal." (Am. Compl. ¶¶ 66-69, ECF No. 22); (*see also* SPD 49, ECF No. 25-2 (noting that claimants "may choose to make a written appeal".)) SBA responded in writing on February 12, 2019, informing Haskett that he "had no right to appeal under the Plan." (*See* Feb. 2019 SBA Letter, ECF No. 20-2.) Haskett proceeded to file this case on May 31, 2019. (ECF No. 1.) It was not until July 15, 2019 that the Local 167 Defendants communicated to Haskett that the Board of Trustees had "agreed to hear [his] appeal of the denial of [his] pension benefits." (Letter from the Local 167 Defs.' Counsel, ECF No. 25-3.)

15

Despite Haskett's allegation that he has exhausted his administrative remedies, it appears from the face of the amended complaint that the Board of Trustees — the only entity authorized by the Plan to interpret the Plan — has yet to decide Haskett's application for benefits.    They have now indicated, *albeit belatedly*, their willingness to do so.

D.    <u>Whether Remand is Warranted</u>

The final issue is whether this court should remand this case back to the plan administrator for further proceedings.  The Local 167 Defendants emphasize that the Board of Trustees — not SBA — are the "actual administrators" of the Local 167 Defendants' fund with discretionary authority to grant or deny benefits.  (Defs.' Mot. 3, ECF No. 25-1.)  The Local 167 Defendants request a remand so that the Board of Trustees may hear Haskett's appeal.  (*Id.* at 6.)  The Local 167 Defendants state that on remand, the Board of Trustees will provide Haskett with a "full and fair review separate and apart from the review by [SBA]," and insist that Haskett will be afforded the opportunity to present any evidence he desires.  (*Id.* at 6-7.)  Haskett opposes remand to the Local 167 Board of Trustees on the grounds that an appeal would be futile.  (Pl.'s Mot. 6, ECF No. 28.)

The court is empowered to remand an ERISA case in a "variety of circumstances." *Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009); *see also Lindemann v.*

*Mobil Oil Corp.*, 79 F.3d 647, 651 (7th Cir. 1996)(noting that a district court has the discretion to stay a case pending completion of administrative review); *Hackney v. Lincoln Nat. Life Ins. Co.*, 2012 WL 13343, at *5 (W.D. Ky. Jan. 4, 2012)(remanding the case to the plan administrator despite the fact that the plaintiff's claims had been "deemed exhausted" due to procedural errors in the administration process).    In *Shelby County Healthcare Corp. v. Majestic Star Casino*, the Sixth Circuit listed three circumstances where remand is appropriate:    (i) where the decision to deny benefits suffers from a procedural defect (e.g., non-compliance with ERISA's appeal-notice requirements); (ii) where the initial decisionmaker fails to provide adequate reasoning for its denial; and (iii) where the factual record is incomplete.    *Id.*    In cases where there is an alleged procedural violation by the initial decisionmaker, courts have recognized that remand may be appropriate so that a "full and fair review" can be accomplished. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 238 (4th Cir. 2008); *see also Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993)("Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair review.'").    In other words, where the initial

17

decisionmaker's process is plagued by alleged procedural errors, the claim should be remanded for a more complete review. *Hackney*, 2012 WL 13343, at *4. Remand in such a case allows for a "proper determination of whether, in the first instance, [the plaintiff] was entitled to [benefits]." *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006).

All three remand-warranting situations outlined above are present in this case. Haskett alleges that SBA's denial letter was "devoid of any documentation or accounting . . . to support [its] decision to deny [his] application for pension benefits." (Am. Compl. ¶ 61, ECF No. 22.) This is, in essence, a claim that SBA failed to comply with ERISA's appeal-notice requirements[5] and that SBA failed to provide adequate reasoning for its denial. Haskett's allegations regarding SBA's allegedly improper handling of his claim also underscores the fact that the Board of Trustees have yet to decide Haskett's application for benefits. As the Local 167 Defendants emphasize in their motion, the SPD states that the Board of Trustees — not SBA — is the actual administrator of the Local 167 Defendants' fund; the Board of Trustees, therefore, is the only entity with the discretionary authority to

---

[5] ERISA's appeal-notice provision, 29 U.S.C. § 1133(1), states: "[E]very employee benefit plan shall . . . provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant."

18

grant or deny benefits. (Defs.' Mot. 3, ECF No. 25-1.) The Board of Trustees should have a chance to fully explain the grounds for Haskett's benefit determination. *See Hackney*, 2012 WL 13343, at *5 ("The Court finds that a decision on the merits by the administrator would be appropriate where a mere procedural error prevented the administrator from having a chance to fully explain the grounds for the benefit determination it would have been required to render but for the procedural error.").

Finally, this case is in "a nascent stage with only a partial administrative record." *Id.* Remand to the Board of Trustees will help to further develop the factual record — "enabling [the Local 167 Defendants] to consider [Haskett's] claims before premature judicial intervention." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 506 (6th Cir. 2004). An incomplete factual record, alone, is a basis to remand an ERISA case back to the plan administrator. *See Majestic Star*, 581 F.3d at 373 ("In addition to procedural irregularities, an incomplete factual record provides a basis to remand the case to the plan administrator."); *see also Williams v. Target Corp.*, 579 F. App'x 390, 391 (6th Cir. 2014)("We do not address [the plaintiff's] argument because, regardless of the standard of review we apply and for the reasons described below, there is insufficient information in the administrative record to ascertain whether [the plaintiff] . . . met the Plan's definition of 'disability.'").

19

While remand is not appropriate where resort to further administrative procedures would be futile, *Weiner*, 108 F.3d at 90, Haskett has not pleaded sufficient facts for this court to conclude that remand would be futile. The plaintiff is required to make a "clear and positive indication of futility." *Barix*, 459 F. Supp. 2d at 622. That is, the plaintiff bears the burden of showing that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Fallick*, 162 F.3d at 419 (internal quotations omitted).

The central factual basis supporting Haskett's claim of futility is his allegation that SBA refused to provide any documentation (other than a one-page computer print-out containing "unverified information") to support its denial of benefits. (Pl.'s Resp. 6, ECF No. 28); (*see also* Am. Compl. ¶ 65, ECF No. 22.) While Haskett claims that SBA purposefully delayed his denial letter so that any appeal would be untimely, (Am. Compl. ¶ 67, ECF No. 22), Haskett has not alleged enough facts to demonstrate that a full and fair hearing by the Board of Trustees is "certain" to result in denial. *Fallick*, 162 F.3d at 419; *see also Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 680 (7th Cir. 2002)(affirming dismissal where plaintiff proffered only "bald allegations and conclusory statements" in support of futility argument). Haskett has not made a "clear and positive indication of futility." *Barix*, 459 F. Supp. 2d at 622.

20

Accordingly, this court recommends that this action be remanded so that the Board of Trustees can make a final determination regarding Haskett's right to pension benefits based on a more complete factual record. *Majestic Star*, 581 F.3d at 373. Rather than dismiss this action, however, this court further recommends that this action be stayed.

### III. RECOMMENDATION

In sum, this court recommends that this case be remanded to the Board of Trustees for a full and fair review of Haskett's claim for benefits. The Board of Trustees has agreed to hear Haskett's appeal. (Letter from the Local 167 Defs.' Counsel, ECF No. 25-3.) Haskett has not demonstrated that further consideration by the Board of Trustees would be futile. Remand will allow for a full and fair review of Haskett's claim for benefits by the Board of Trustees, the actual administrators of the Local 167 Defendants' fund. (*See* SPD 51, ECF No. 25-2 ("Any interpretation of the plan's provisions rests with the Board of Trustees."))

It is recommended that this case be held in abeyance pending further administrative proceedings.

Respectfully submitted this 22nd day of January, 2020.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this

21

report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.