# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PHILLIP DAVID HASKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02355-TLP-dkv |
| v. ) | |
| ) | JURY DEMAND |
| SOUTHERN BENEFIT ) | |
| ADMINISTRATORS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Phillip David Haskett sued thirteen Defendants pro se under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S. Code § 1132(a)(1)(B).[1] (ECF No. 1; ECF No. 22.) Three Defendants—Board of Trustees, Ironworkers Local Union No. 167 Pension Fund; International Association of Bridge, Structural and Ornamental Ironworkers Local Union No. 167; and Ironworkers Local Union No. 167 Pension Fund—moved to dismiss Plaintiff's complaint for failure to state a claim or, in the alternative, to hold the case in abeyance pending more administrative proceedings. (ECF No. 25.) Plaintiff responded to Defendants' motion. (ECF No. 27.) And Defendants did not reply.

The Court referred this case to the Magistrate Court for determination of all pretrial matters under Administrative Order 2013-05. The Magistrate Court entered a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss

---

[1] Plaintiff filed his initial complaint on May 31, 2019. (ECF No. 1.) He later amended his complaint on August 22, 2019. (ECF No. 22.)

in part, and that the Court stay this case pending remand for further administrative proceedings. (ECF No. 30.)

For the reasons below, the Court **ADOPTS** the R&R in full. The Court thus **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss and **STAYS** this case pending remand for further administrative proceedings.

## I. The R&R[2]

### A. Failure to Exhaust Administrative Remedies as Properly Presented in a Fed. R. Civ. P. 12(b)(6) Motion

The first issue that the Magistrate Judge analyzed in the R&R is whether a Fed. R. Civ. P. 12(b)(6) motion "is the proper motion to bring when asserting failure to exhaust administrative remedies." (*Id.* at PageID 386.) The Magistrate Judge determined that Defendants' "motion to dismiss is properly presented under Rule 12(b)(6)." (*Id.* at PageID 389.)

She explained that "[a] Rule 12(b)(6) motion is appropriate where reference to the affirmative defense of failure to exhaust appears from the face of the plaintiff's complaint." (*Id.*) (citing *Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013); *Zappley v. The Stride Rite Corp.*, 2010 WL 234713, at *4 (W.D. Mich. Jan. 13, 2010)).

The Magistrate Judge made these observations about Plaintiff's complaint:

> [Plaintiff]'s amended complaint contains several specific allegations relating to the issue of exhaustion of required administrative remedies: (i) that he was told he was "not a participant in the Local [] 167 Plan, and is therefore without any right to appeal the decision denying his application for pension benefits"; (ii) that SBA "denied his appeal on February 12, 2019" claiming it was not timely; and (iii) that he "has fully exhausted his administrative remedies."

(ECF No. 30 at PageID 389) (quoting ECF No. 22 at PageID 236.)

---

[2] The Court **ADOPTS** the R&R's proposed findings of fact in whole. (*See* ECF No. 30 at PageID 378–83.)

As a result of these allegations, the Magistrate Judge found that "the defense of exhaustion of administrative remedies is properly presented in the Rule 12(b)(6) motion." (*Id.*)

B.      **Exhaustion of Administrative Remedies**

The second issue that the Magistrate Judge decided in the R&R is whether Plaintiff exhausted his administrative remedies before suing. (*See id.* at PageID 389–92.) She concluded that Plaintiff did not. (*Id.* at PageID 392.)

The Magistrate Judge explained that, "while the text of ERISA does not explicitly require exhaustion, the Sixth Circuit has held '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" (*Id.* at PageID 390) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)).

The Magistrate explained why courts require exhaustion under ERISA.

> Exhaustion aims to: (i) reduce the number of frivolous lawsuits; (ii) promote the consistent treatment of claimants; (iii) provide a non-adversarial method of claims settlement; (iv) minimize the cost of claims settlement for all concerned; (v) enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes; (vi) enhance the ability of trustees of benefit plans to correct their errors; (vii) enhance the ability of trustees to interpret plan provisions; and (viii) help assemble a factual record which will assist a court in reviewing the fiduciaries' actions.

(*Id.* at PageID 390–91) (citing *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617, 621–22 (S.D. Ohio 2005)).

The Magistrate Judge found that, "[d]espite being told he had no right to appeal, [Plaintiff] 'promptly filed a written appeal pursuant to the procedures enumerated in the [Local 167 Summary Plan Description ("SPD")] booklet' by sending a letter in which he stated, 'please consider this letter to be my appeal.'" (*Id.* at PageID 391) (quoting ECF No. 22 at PageID 236.)

3

The Magistrate Judge noted that Defendant Southern Benefit Administrators, Inc. informed Plaintiff "that he 'had no right to appeal under the Plan.'" (*Id.*) (quoting ECF No. 20-2.) She then found that, although Plaintiff filed this lawsuit in May (*see* ECF No. 1), "[i]t was not until July 15, 2019 that the Local 167 Defendants communicated to [Plaintiff] that the Board of Trustees had 'agreed to hear [his] appeal of the denial of [his] pension benefits.'" (ECF No. 30 at PageID 391) (quoting ECF No. 25-3.)

Given these developments, the Magistrate Court determined that, "[d]espite [Plaintiff]'s allegation that he has exhausted his administrative remedies, it appears from the face of the amended complaint that the Board of Trustees—the only entity authorized by the Plan to interpret the Plan—has yet to decide [Plaintiff]'s application for benefits." (*Id.* at PageID 392.) Thus, the Magistrate Judge found that Plaintiff had not exhausted administrative remedies under ERISA. (*Id.*)

### C. Remand for Further Administrative Proceedings

The third and final issue that the Magistrate Judge decided in the R&R is whether this Court "should remand this case back to the plan administrator for further proceedings." (*Id.* at PageID 392.) The Magistrate Judge found that such a remand is warranted. (*Id.* at PageID 397.)

The Magistrate Court explained that "the Sixth Circuit listed three circumstances where remand is appropriate: (i) where the decision to deny benefits suffers from a procedural defect (e.g., non-compliance with ERISA's appeal-notice requirements); (ii) where the initial decisionmaker fails to provide adequate reasoning for its denial; and (iii) where the factual record is incomplete." (*Id.* at PageID 398) (citing *Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009)).

4

The Magistrate Judge found that all three circumstances are present here. (*See id.* at PageID 394.) First, she found that Plaintiff "alleges that SBA's denial letter was 'devoid of any documentation or accounting . . . to support [its] decision to deny [his] application for pension benefits.'" (*Id.*) (quoting ECF No. 22 at PageID 235.) This allegation, according to the Magistrate Judge, constitutes "a claim that SBA failed to comply with ERISA's appeal-notice requirements and that SBA failed to provide adequate reasoning for its denial." (*Id.*) (citing 29 U.S.C. § 1133(1)).

Second, the Magistrate Judge found that the "allegations regarding SBA's allegedly improper handling of his claim also underscores the fact that the Board of Trustees have yet to decide [Plaintiff]'s application for benefits." (*Id.*) And because "the Board of Trustees—not SBA—is the actual administrator of the Local 167 Defendants' fund," it "should have a chance to fully explain the grounds for [Plaintiff]'s benefit determination." (*Id.* at 394–95) (citing *Hackney v. Lincoln Nat. Life Ins. Co.*, 2012 WL 13343, at *5 (W.D. Ky. Jan. 4, 2012)).

Third, the Magistrate Judge found that "[r]emand . . . will help to further develop the factual record—'enabling [the Local 167 Defendants] to consider [Plaintiff's] claims before premature judicial intervention.'" (*Id.* at PageID 395) (quoting *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 506 (6th Cir. 2004)). To this point, she emphasized that "[a]n incomplete factual record, alone, is a basis to remand an ERISA case back to the plan administrator." (*Id.*) (citing *Majestic Star Casino*, 581 F.3d at 373).

As a result of these findings, the Magistrate Judge recommended that this Court should remand this case "so that the Board of Trustees can make a final determination regarding [Plaintiff]'s right to pension benefits based on a more complete factual record." (*Id.* at PageID 397) (citing *Majestic Star Casino*, 581 F.3d at 373). That said, the Magistrate Judge found that,

5

"[r]ather than dismiss this action," this Court should stay this action pending more administrative proceedings. (*Id.*)

**II. Disposition**

Under Fed. R. Civ. P. 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff did not file any objections to the Magistrate Judge's R&R. Having reviewed the R&R and the record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety. Thus, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss and **STAYS** this case pending remand for further administrative proceedings.

**SO ORDERED**, this 20th day of February, 2020.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE